[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10531
Non-Argument Calendar

_____

D. C. Docket No. 08-20727-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD L. GRASS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2009)

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Richard L. Grass appeals his 324-month sentence for knowingly attempting

to transfer obscene materials to a minor under age 16, in violation of 18 U.S.C. §

1470, and knowingly distributing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). Glass argues that his sentence is procedurally and substantively unreasonable because guideline enhancements applied to him effectively apply in every child pornography case, rather than exceptional ones, because the sentence failed to take into consideration the sentencing factors found in 18 U.S.C. § 3553(a), and because his sentence is excessive under the particular facts of this case.

When reviewing a district court's sentencing decision, we apply an abuse-of-discretion standard, checking first for procedural soundness and then for substantive reasonableness. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In considering the procedural soundness of a sentence, we verify "'that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.'"

Id. (quoting Gall v. United States, 552 U.S. 38,__, 128 S. Ct. 586, 597 (2007)). A district court is not normally required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Indications in the record that the district court properly considered the § 3553(a) factors and the advisory Guidelines range will suffice. Id.

In considering the substantive reasonableness of a sentence, we employ an abuse-of-discretion standard "[r]egardless of whether the sentence imposed is inside or outside of the Guidelines range." Gall, 552 U.S. at __, 128 S.Ct. at 597. Although we do not apply the rule that a sentence within the Guidelines range is per se reasonable, we would ordinarily expect a sentence within the Guidelines range to be reasonable. Talley, 431 F.3d at 787-88. "The fact that [an] appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at __, 128 S.Ct. at 597.

Here, the district court did not abuse its discretion in imposing a sentence at the low end of the Guidelines range. The district court adopted the facts set forth in the revised Presentence Investigation Report, which had not been challenged or objected to, reviewed the properly calculated advisory Guidelines range, and

3

considered the § 3553(a) factors in arriving at its sentencing decision. The district court heard and considered testimony presented by Grass in favor of a below Guidelines sentence. The district court correctly deemed Grass's argument regarding the Guidelines enhancements to be a § 3553 proportionality argument and considered it along with the remaining factors. Conceding that the sentence recommended under the Guidelines is "extremely long," the district court nonetheless reasoned that a within-range sentence was appropriate here given Grass's prior indecent exposure convictions, the nature and seriousness of the crimes at issue, including Grass's professed willingness to meet with underage girls and his statements about past activities with minors, and the need to protect the public from Grass. We therefore find no basis on which to conclude that the district court made a clear error in judgment in weighing the § 3553(a) factors, and the court's decision is entitled to due deference. See Pugh, 515 F.3d at 1191. Because the district court properly considered the advisory Guidelines range and the statutory factors found in § 3553(a), the sentence imposed was not an abuse of the district court's discretion.

Upon review of the record and consideration of the parties' briefs, we affirm the sentence.

**AFFIRMED.**[1]

---

[1]Grass's request for oral argument is denied.